IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**KEN NOWLIN** **PETITIONER**

**V.** **CAUSE NO. 3:07CR108-GHD-SAA-2**

**UNITED STATES OF AMERICA** **RESPONDENT**

## MOTION TO TAKE NOTICE OF JUDICIAL OPINION

**COMES NOW** Petitioner Ken Nowlin, by and through his counsel of record, and pursuant to Rule 201 of the Federal Rules of Evidence and moves this Court to take notice of the opinion Judge Michael Mills handed down in *Lafayette County, Mississippi v. Total Plan Service, Inc., et al.,* on March 11, 2010. [Docket 231]. As grounds, Petitioner shows the following:

1. Petitioner's § 2255 motion is pending before this court moving that his conviction and sentence in this cause be vacated and set aside. In his motion, Petitioner mentioned the above referenced lawsuit several times. See pages 4, 7, 15-16, 20, 26-28, 29-30, 32. [Docket 81].

2. Petitioner testified at depositions in the Total Plan lawsuit. Petitioner's testimony in those depositions has been presented to this Court in his Amended 2255 motion [Docket 86]. As shown is that motion, Petitioner's testimony during the depositions showed that there was no way he, or his co-defendant, Gary Massey, could have influenced the Lafayette County health insurance contract.

3. In Judge Mills' opinion granting summary judgment, he noted the following:

Through the end of 1995 Gary Massey served as the agent of record for the
County's health insurance plan. At the time Ken Nowlin was the managing agent.
In 1995 Massey was elected to the Lafayette County Board of Supervisors.

   Nowlin then became the agent of record for the plan.  Massey and Nowlin agreed that Nowlin would secretly pay Massey the same commission he was previously receiving.  When Nowlin received his twelve percent commission he would pay two thirds of that amount to Massey.  This arrangement was discovered through an investigation by the Mississippi Auditor's office.  Nowlin and Massey were indicted May 31, 2007.  Nowlin pled guilty to conspiracy to corruptly accept health insurance payments with the intention to influence a health insurance contract.  Massey pled guilty to conspiracy to corruptly accept health insurance payments with the intention to influence a health insurance contract and corruptly accepting health insurance payments with the intentions to influence an insurance contract.

Opinion, pp. 2-3. [Docket 231]

   4. The indictment in this case is somewhat ambiguous and the guilty plea hearing does not specify exactly what Petitioner pled guilty to.  However, should there be any question about Petitioner's plea, Judge Mills made it plain that Petitioner plead to "corruptly accept health insurance payments with the intention to influence a health insurance contract."  Opinion, p. 2.  Judge Mills found that Petitioner pled guilty to accepting payments from Total Plan with the intention that he would corruptly influence the Lafayette County  health insurance contract.

   5. In Petitioner's Amended § 2255 motion [Docket 86], he provided this Court with the evidence Total Plan presented in its motion for summary judgment showing that there was no way Petitioner could have influenced the Lafayette County insurance contract.  Total Plan's grounds for summary judgment focused on the fact that Petitioner could not have influenced the contract and Lafayette County did not dispute it.  Although Judge Mills did not expressly find that Petitioner could not have influenced the insurance contract in his opinion granting summary judgment to Total Plan, such a finding is certainly implied in his determination that Total Plan was entitled to summary judgment.

   6. This Court should consider Judge Mills' opinion, along with the facts stated in Total Plan's motion for summary judgment, in determining whether Petitioner's attorney,

Anthony Farese, provided him with the assistance of counsel necessary for him to have made a voluntary and intelligent guilty plea.

7. This Court is not requested to take judicial notice of Judge Mills' opinion insofar as the truth of any facts that are stated therein. The Court is merely requested to consider the opinion in determining whether Petitioner's plea could have been voluntary and intelligent.

8. This Court "may take judicial notice of judicial opinions and public records." *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir.2005). This Court may also "take judicial notice of related proceeding and records in cases before the same court." *MacMillan Bloedel Ltd. v. Flintkote,* 760 F.2d 580, 587 (5th Cir.1985).

9. As this motion is self-explanatory, Petitioner requests to be relieved of submitting a supporting memorandum.

THEREFORE, Petitioner Ken Nowlin moves this Court to take notice of the Judge Mills' opinion granting summary judgment for Total Plan in *Lafayette County, Mississippi v. Total Plan Service, Inc., et al.* in determining whether Petitioner is entitled to the relief he claims he is entitled to in the § 2255 motion pending before this Court.

This the 16th day of March, 2010.

                    Respectfully Submitted,

                    KEN NOWLIN

                    */s/ Cynthia A. Stewart*
                    CYNTHIA A. STEWART

SUBMITTED BY:

CYNTHIA A. STEWART, P.A. (MSB #7894)
2088 Main Street, Suite A
Madison, Mississippi 39110
Telephone:  (601) 856-0515
Facsimile: (601) 856-0514

PRECIOUS T. MARTIN, SR., ESQ. (MSB #10619)
Precious T. Martin, Sr. & Associates, PLLC
P. O. Box 373
Jackson, Mississippi  39205
Telephone No. (601) 944-1447
Facsimile:  (601) 944-1448

## CERTIFICATE OF SERVICE

I, the undersigned attorney for the Petitioner herein, do hereby certify that the above and foregoing is being filed with the Clerk of this Court by electronic filing and will be served via e-mail by the Clerk of this Court to the following:

   John Marshall Alexander, Esq.
   john.alexander@usdoj.gov

   David Anthony Sanders, Esq.
   David.a.sanders@usdoj.gov

   This the 16th day of March, 2010.

                                             /s/ Cynthia A. Stewart
                                             Cynthia A. Stewart