IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**KEN KOWLIN**                                                                                    **PETITIONER**

**V.**                                                      **CAUSE NO. 3:07CR108-GHD-SAA-2**

**UNITED STATES OF AMERICA**                                                         **RESPONDENT**

**AMENDED RENEWED REQUEST FOR AN EVIDENTIARY HEARING**

    **COMES NOW** Petitioner Ken Nowlin, by and through counsel, and pursuant to 28 U.S.C. § 2255(b), and moves this Court to provide him with an opportunity to prove the allegations set forth in his § 2255 motion at an evidentiary hearing. As grounds, Petitioner submits the following:

    1.    On December 29, 2009, Plaintiff filed a motion pursuant to 28 U.S.C. § 2255 in this Court requesting that his 2007 conviction be vacated and set aside. In this motion, Plaintiff alleged that he did not enter a voluntary and intelligent guilty plea. *Ken Nowlin v. United States of America*, 3:07-CR-108. [Docket 81].

    2.    On May, 7, 2010, the Government filed its Response to the 2255 motion. The Response was filed under seal due to the fact that it attached Petitioner's grand jury testimony to the response.

    3.    Petitioner filed his Traverse to the Government's Response on May 20, 2010. [Docket 95]. In his Traverse, Petitioner requested an evidentiary hearing and noted that:

> 28 U.S.C. § 2255(b) states that:
>
> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. . . .

Traverse, p. 20 [Docket 95].

4.	According to the Fifth Circuit, the determination of whether to grant a hearing in a case such as this involves two steps. First, this Court must examine whether the record conclusively negates the factual predicates Petitioner asserted in support of his § 2255 motion. Second, if those factual allegations are not conclusively negated, this Court must determine whether the Petitioner would be entitled to post-conviction relief as a matter of law if his factual allegation is true. *U.S. v. Alanis*, 88 Fed. Appx. 15, 19 (5th Cir.2004); *Friedman v. U.S.*, 588 F.2d 1010, 1015 (5th Cir.1979). If the Petitioner would be entitled to relief, "the district court ***must*** conduct a hearing to ascertain the validity of the (his) factual assertions ." *Alanis,* 88 Fed. Appx. at 19." *U.S. v. Gatti,* WL 4500329, 9  (W.D.La.2008)(emphasis added). In *Gatti*, the Fifth Circuit noted that "§ 2255 does not expressly authorize district judges to rely on their personal observations from trial. However, the Supreme Court has implied that district judges may draw upon their own personal knowledge or recollection in passing upon factual allegations in § 2255 motions that pertain to events over which they presided. *Friedman v. U.S.*, 588 F.2d 1010, n. 7 (5th Cir.1979); *Machibroda v. U.S.*, 368 U.S. 487, 494-95, 82 S.Ct. 510 (1962)." *Gatti*, WL 4500329,  9, n. 4.

5.	Although this Court did not accept Petitioner's guilty plea, this Court sentenced Petitioner. During Petitioner's sentencing proceeding, this Court asked Petitioner if there was anything he would like to say before sentencing.   Petitioner replied:

> THE DEFENDANT: Yes, sir.  I'd like to apologize to you, Your Honor.  I'd like to apologize to Judge Davidson, to the Court, to Lafayette County, to my family, to my colleagues; and I'm sorry that I made this mistake.  And I did make a mistake, **but I think there's some mitigating circumstances that**  - - with my mistake, Your Honor.
> THE COURT: What are those circumstances:
> THE DEFENDANT: Your Honor, I am just an insurance salesman with an insurance license that's built a large brokerage agency.  And I know I broke the law after authorities pointed it out to me.  And - - but I think, somewhat, I was misled.  But I did break the law.

>     THE COURT: Who do you think misled you:
>     THE DEFENDANT: An elected official, Your Honor.
>     THE COURT: All right. Anything further:
>     THE DEFENDANT: I'm sorry?
>     THE COURT: You have anything further you want to say
>     THE DEFENDANT: No, sir.

§ 2255 Motion, p. 23 (Emphasis added).

    6.    Petitioner answered "No, sir" because Mr. Farese was pulling on his coat and instructing him not to speak. Mr. Farese did not allow Petitioner to finish telling Judge Mills what he wanted to tell him. § 2255 motion, p. 24.

    7.    What Petitioner wanted to tell this Court has recently been brought to the Court's attention in the *Motion for Court to Take Judicial Notice of Related Pleading filed in this Court* that Petitioner filed January 24, 2011. [Docket 106]. This Court may recall Petitioner's sentencing hearing and remember that Petitioner mentioned that there were "mitigating circumstances" involved in his case. Should this Court remember what Petitioner said at that time, it may consider what Petitioner said at sentencing in determining whether an evidentiary hearing should be granted in his case. *Gatti*, *supra*, WL 4500329, 9, n. 4.

    8.    Petitioner was attempting to tell the Court that his co-defendant, Gary Massey, had told him that he had a letter from the Lafayette County Attorney stating that he could work for and be paid by Petitioner as a consultant as long as Petitioner did not have any kind of contract with Lafayette County. *Motion for Court to Take Judicial Notice of Related Pleading filed in this Court*, p. 7, ¶ 15 [Docket 106].

    9.    The letter Mr. Massey was referring to is what this case is all about and Petitioner should be provided with the opportunity to show this Court, through the testimony of Mr. Massey, Ken Coghlan, Scot Spragins and Anthony Farese, that Mr. Farese was ineffective in telling Petitioner that there was no such letter, § 2255 motion, p. 13, and in failing to advise

Petitioner of the *Rule 12.3 Notice of Public Authority Defense* [Docket 29] at issue in Petitioner's *Motion for Court to Take Judicial Notice of Related Pleading filed in this Court*, [Docket 106] when, on September 28, 2007, Petitioner asked Mr. Farese to do whatever was necessary to arrange for him to withdraw his guilty plea. (Petitioner, of course, contends that Mr. Farese was also ineffective in several other ways. See the brief Petitioner filed in support of his § 2255 motion. [Docket 82].

10.   In his Traverse, Petitioner noted that in *Friedman v. U.S.,* 588 F.2d 1010 (5th Cir. 1979, the Court held that:

> Against this background we cannot conclude that Friedman's s 2255 motion, together with the files and records of the case, Conclusively show that under no circumstances would Friedman be entitled to relief. We therefore vacate and remand for reconsideration of the petition after as full a hearing as is necessary to decide all of these unresolved factual allegations which, if true, might support a constitutional claim of ineffective assistance of counsel. **This is important not only to Friedman but also to his erstwhile attorney who is charged with serious professional improprieties and who should have the opportunity to vindicate himself of those charges, should they be false.** We do not, of course, pretend to prejudge this or any other issue raised in Friedman's petition. Nor do we predict or intimate the legal consequences of any findings or holdings on the matters remanded for further hearing. The point is that we do not know, nor does the District Court know, whether Friedman's allegations are indeed true and whether, as a consequence, he was unconstitutionally deprived of reasonably effective assistance of counsel when he was convicted and sentenced. The hearing is the thing. (Emphasis added)

588 F.2d at 1017. Traverse, p. 21.

11.   Petitioner is entitled to an evidentiary hearing on all of his claims and Mr. Farese should be required to explain why he failed to advise Petitioner that Mr. Massey's attorney filed a motion showing that neither his client, nor Petitioner, possessed the requisite *mens rea* to violate 18 U.S.C. § 666 when Petitioner asked him to do whatever was necessary to arrange for him to withdraw his guilty plea.

## CONCLUSION

Petitioner Ken Nowlin, therefore, respectfully moves this Court to grant him an evidentiary hearing and thereby provide him with the opportunity to show that the above described defense and at least four other viable defenses were available to him had he exercised his right to a jury trial instead of pleading guilty and that his attorney, Anthony Farese, was ineffective in failing to advise him of those defenses and that due to Mr. Farese's ineffectiveness, Petitioner was incapable of entering a voluntary, knowing and intelligent plea of guilty.

This the 7th day of February, 2011.

                                          Respectfully Submitted,

                                          KEN NOWLIN

                                          */s/ Cynthia A. Stewart*
                                          CYNTHIA A. STEWART

SUBMITTED BY:

CYNTHIA A. STEWART, P.A. (MSB #7894)
118 Homestead Drive, Suite C
Madison, Mississippi 39110
Telephone: (601) 856-0515
Facsimile: (601) 856-0514

PRECIOUS T. MARTIN, SR., ESQ. (MSB #10619)
Precious T. Martin, Sr. & Associates, PLLC
P. O. Box 373
Jackson, Mississippi 39205
Telephone No. (601) 944-1447
Facsimile: (601) 944-1448

## **CERTIFICATE OF SERVICE**

  I, the undersigned attorney for the Petitioner herein, do hereby certify that the above and foregoing is being filed with the Clerk of this Court by electronic filing and will be served via e-mail by the Clerk of this Court to the following:

  John Marshall Alexander, Esq.
  john.alexander@usdoj.gov

  David Anthony Sanders, Esq.
  David.a.sanders@usdoj.gov

  This the 7th day of February, 2011.

                /s/ Cynthia A. Stewart
                Cynthia A. Stewart