UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                                    CRIMINAL NO. 3:07-cr-00108-GHD-SAA

KEN NOWLIN

### GOVERNMENT'S COMBINED MEMORANDUM OF AUTHORITIES AND RESPONSE TO PETITIONER'S MOTIONS FOR THE COURT TO TAKE JUDICIAL NOTICE OF RELATED PLEADINGS AND AMENDED RENEWED REQUEST FOR EVIDENTIARY HEARING

Comes now the United States of America, by and through the United States Attorney for the Northern District of Mississippi, and in response to the petitioner's motion asking the Court to take judicial notice of related proceedings and asking the Court for an evidentiary hearing, would respectfully show unto the Court as follows, to-wit:

1.  Ken Nowlin and co-defendant, Gary Massey, were indicted by the grand jury for the Northern District of Mississippi in a 41-count indictment on 31 May 2007. Pursuant to a plea agreement with the government, Nowlin testified before the grand jury for the Northern District of Mississippi, on 28 June 2007. A superseding indictment was returned that same day, charging both Massey and Nowlin in 53 counts. On 27 July 2007, Nowlin plead guilty to count one of the superseding indictment and agreed to continue his cooperation with the government. That same day Gary Massey filed a notice of intent to use the public authority defense. Nowlin and his attorney, Anthony L. Farese, had met with government prosecutors and agents under the protection of Rule 11 of the Federal Rules of Criminal Procedure. He admitted his guilt and was prepared to testify at trial against Gary Massey. His cooperation was part of the reason that Gary Massey plead guilty on 28 September 2007 (abandoning his public authority defense). For his cooperation, Nowlin received a government motion for downward departure pursuant to Paragraph 5k1.1 of the United States

Sentencing Guidelines Manual. However, the Court sentenced Nowlin on 31 January 2008 to a guidelines sentence of 30 months confinement in the custody of the United States Bureau of Prisons. Petitioner was also ordered to pay $275,942.79 restitution.

2. Co-defendant Massey was sentenced on 25 February 2008 to 36 months in the custody of United States Bureau of Prisons, and he was ordered to pay restitution in the amount of $551,885.57. Nowlin's motion for reconsideration of sentence was denied 28 February 2008 and he thereafter timely filed his notice of appeal. His sentence was affirmed by the Fifth Circuit Court of Appeals on 2 October 2008, and the judgment of the United States Court of Appeals was entered on 7 November 2008. He did not file a petition for writ of certiorari to the United States Supreme Court, but filed a 28 U.S.C. 2255 motion on 29 December 2009, asking the Court to vacate and set aside his guilty plea, conviction and sentence. The government filed its combined memorandum of authorities and response on 7 May 2010, and the matter thereafter lay dormant until 24 January 2011, when the petitioner filed his motion requesting that the Court take judicial notice of pleadings filed in the Massey case. On 3 February 2011, the petitioner filed his renewed motion for evidentiary hearing and four days later filed an amended motion renewing that request.

Facts

The petitioner now asks the Court to take judicial notice of a Rule 12.3 notice of public authority defense filed on behalf of his co-defendant, Mr. Massey, on 27 July 2007, the day Nowlin plead guilty. He complains that Anthony L. Farese should have informed him about his co-defendant's 12.3 notice and avers that Mr. Farese's failure to do so constitutes ineffective assistance of counsel. Petitioner renews his request for an evidentiary hearing, but offers the Court nothing new, other than the public authority defense.

Discussion

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that an amendment may only be filed after the government's response in those instances where the government agrees or the Court in its discretion permits that amendment. In the case sub judice, the proposed amendment differs in both time and type from the allegations set forth in the original pleading. It is, therefore, time-barred as it is outside the one-year statute of limitations. See United States v. Gonzales, 592 F.3d 675, 678-681. The Fifth Circuit in Gonzales was reviewing the District Court's exercise of discretion in denying the petitioner's motion to amend his 28 U. S. C. § 2255 pleadings. Even though the government in Gonzales did not object to the timeliness of the amendment, the Court found that the claims raised in that amendment did not automatically relate back simply because they arose out of the same trial and conviction. The Court explained that "...amendments do not relate back if they assert 'a new ground for relief supported by facts that differ both in time and type from those the original pleadings set forth.'" Gonzales at 679. The Court went on to say that:

> New claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they violate the same constitutional provision. Rather, we must look to whether Gonzales' new claim asserts 'a new ground for relief supported by facts that differ in both time and type from the original pleadings set forth' (citations omitted). If it does, then his proposed amendment does not relate back to his original pleadings and is time-barred.

Gonzales at 680. Finally, the Gonzales Court also noted that "...a District Court may deny motions to amend, even when such amendment would be 'as a matter of course,' when the amendment would be futile. Gonzales at 681. In the case of sub judice, the petitioner's "Motion for Court to take Judicial Notice of Related Proceedings Filed in this Court" is really a motion to amend his pleadings, alleging a completely new basis for his claim of ineffective assistance of counsel. That amendment is, therefore, time-barred. It was filed outside the one-year statute of limitations and does not relate

back to petitioner's original allegations. It would also be futile, as Rule 12.3 of the Federal Rules of Criminal Procedure applies only to those instances where a defendant claims to have been acting for and on behalf of a law enforcement agency or federal intelligence agency. The futility of that "defense" was apparently recognized by the petitioner's co-defendant, Gary Massey, as he plead guilty less than one month after filing his notice of intention to assert the "public authority defense."

## Conclusion

Other than the petitioner's request for judicial notice of a defense that is both time-barred and futile, neither of the defendant's motions raises anything new, much less persuasive. As the existing record conclusively establishes the petitioner's guilt, no evidentiary hearing is required. Nowlin testified under oath before the federal grand jury that he and Gary Massey corruptly devised a scheme to conceal Massey's illegal commissions, a crime that he also admitted under oath before the District Court during his plea of guilty. On that day, 27 July 2007, he told the Court under penalty of perjury that he agreed with the factual basis the government read in open court. Additionally, when the petitioner expressed uncertainty regarding his plea, Mr. Farese wrote to him on 28 September 2007, outlining the posture of his case and the evidence against him, but offering petitioner the option of moving to withdraw his plea. Petitioner responded in writing to Mr. Farese on 3 October 2007, indicating that, "After much thought and careful consideration, I do not wish to change my guilty plea or my plea agreement...."

The petitioner's motions for the Court to take judicial notice and to renew his request for evidentiary hearing should be denied and overruled.

Respectfully submitted this the 28th day of February, 2011.

                                            JOHN MARSHALL ALEXANDER
                                          United States Attorney

                                          By:  /s/ *Robert H. Norman*
                                          ROBERT H. NORMAN
                                          Assistant United States Attorney
                                          MS Bar No.  3380

**CERTIFICATE OF SERVICE**

     I, Robert H. Norman, Assistant United States Attorney for the Northern District of Mississippi, hereby certify that I electronically filed the foregoing GOVERNMENT'S COMBINED MEMORANDUM OF AUTHORITIES AND RESPONSE TO PETITIONER'S MOTIONS FOR THE COURT TO TAKE JUDICIAL NOTICE OF RELATED PLEADINGS AND AMENDED RENEWED REQUEST FOR EVIDENTIARY HEARING with the Clerk of the Court using the ECF system which sent notification of such filing to:

    Cynthia A. Stewart, P.A.
    118 Homestead Dr, Suite C
    Madison, MS 39110

    Precious T. Martin, Sr.
    P O Box 373
    Jackson, MS 39205

and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants:

    None

This the 28th day of February, 2011.

                                              /s/ *Robert H. Norman*
                                              ROBERT H. NORMAN
                                              Assistant United States Attorney
                                              MS Bar No. 3380